[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case came to this court by an application for prejudgment remedy, affidavit and unsigned complaint on June 6, 1990. The plaintiff alleged that he was assaulted by the defendant, Bruce Pileggi, at Pileggi's home on July 9, 1989, and, as a result, the plaintiff sustained seven broken ribs, incurred medical expenses, and suffered pain and severe shock to his nervous system, as well as monetary loss due to his inability to pursue gainful employment. The plaintiff obtained an order of a prejudgment remedy in the amount of $25,000 on July 30, 1990 (Moraghan, J.). Subsequently, the defendant filed an answer and special defense claiming self-defense. The case was tried to the court on August 4, 1994.
The court has heard the testimony of the witnesses, observed the witnesses and the parties in court, and the court finds the following facts. In some particulars, the plaintiff's testimony at trial differed with testimony at the prejudgment remedy hearing. Pileggi did not testify although his wife did.
Before her marriage to the defendant, Christy Pileggi had a relationship with the plaintiff, which resulted in the birth of a son, Chance. At the time of the incident, which gave rise to this claim, Chance was six (6) years old and resided with his mother at the defendant's home. The defendant at that time was not married to Christy Pileggi. The parties were friendly notwithstanding Unger's earlier relationship with the defendant's wife. At some point, the relationship soured.
On July 9, 1989, the plaintiff wished to see his son and telephoned the Pileggi home. He heard a message from the child's mother that stated that Chance wished to see his father. Unger went to the Pileggi home and waited for Pileggi, Chance and Christy to return from a weekend trip. When they arrived, it was agreed that Chance would visit with his father that night. When Chance went inside to get his belongings, Pileggi accused Unger of taking a radar device from Christy claiming Chance CT Page 11220 had told him so. Chance was called to verify this. Angry words were exchanged and as the plaintiff walked away, the defendant grabbed him from behind and knocked him to the ground. In the scuffle, Unger broke seven ribs and was hospitalized for several days. Unger incurred hospital bills of $2,190.30, physician's bills of $54.40 and other related bills of $24.40. Because Unger was unemployed at the time and was on public assistance, these bills were paid through the public assistance of the State of New York.
Unger had worked in the retail shoe business for several years prior to this incident. He was earning approximately $500 to $550 per week until he became unemployed in December, 1988. He began to receive public assistance on March 23, 1989 at the rate of $300 per month. Two days before the altercation, he had agreed to work for a friend in starting a cleaning and maintenance business for corporations at which the plaintiff estimated he would have received approximately $500 per week in commissions. Since he was unable to develop a client base after the accident, he lost the opportunity and remained unemployed until April, 1991. He could have been ready to work in late January, 1990 after the accident.
The court finds that his earning capacity is $500 per week. The court further finds that since it is unlikely that he would have received any funds during the month of July while soliciting clients, he was unemployed from August 1, 1989 through January 31, 1990 due to the accident. During that period of twenty-six (26) weeks, he could have earned $13,000 in gross income.
The court further finds that he underwent significant physical pain and suffering and for that the court awards the plaintiff $12,500. The plaintiff did not bear his burden of proving depression or a severe shock to his nervous system.
The court also finds that the parties' relationship had deteriorated before the incident. During the incident, Unger exchanged epithets with the defendant, although he was leaving the scene when the defendant grabbed him from behind and knocked him down forcibly. The defendant was the aggressor and did not bear his burden of proving his special defense. Accordingly, the court does not award the plaintiff punitive damages as he has not borne his burden of proving that the defendant acted wilfully and maliciously.
Based on the more credible evidence, the court awards judgment for the plaintiff in the amount of $25,500.
Leheny, J. CT Page 11221